1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    TRAVIS SHANE NORTHCUTT,              Case No.  2:24-cv-2503-DJC-JDP (P)

12              Plaintiff,

13         v.                             ORDER

14    SACRAMENTO SHERIFF'S
      DEPARTMENT, *et al.*,
15
              Defendants.
16

17

18         Plaintiff, a prisoner incarcerated at North Kern State Prison, brings this action against

19    defendants Sacramento Sheriff's Department, the Napa Division of the Department of State

20    Hospitals, and Harper Medical Group.  ECF No. 1 at 1-2.  The complaint is deficient for two

21    reasons.  First, plaintiff's allegations present at least two unrelated claims against more than one

22    defendant and, thus, cannot proceed as one suit.  Second, the complaint fails to adequately explain

23    how any of the defendants are responsible for the allegations plaintiff raises.  I will dismiss

24    plaintiff's complaint with leave to amend so that he may remedy these deficiencies.  I will grant

25    his application to proceed *in forma pauperis*, ECF No. 2.

26

27

28

                                          1

1          **Screening Order**

2          **I.      Screening and Pleading Requirements**

3          A federal court must screen a prisoner's complaint that seeks relief against a governmental

4    entity, officer, or employee. *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable

5    claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

6    claim upon which relief may be granted, or seeks monetary relief from a defendant who is

7    immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

8          A complaint must contain a short and plain statement that plaintiff is entitled to relief,

9    Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

10   face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

11   require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

12   662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

13   possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

14   identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

15   1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

16   give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

17   n.2 (9th Cir. 2006) (en banc) (citations omitted).

18         The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

19   U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

20   appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

21   would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

22   However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

23   of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

24   1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

25         **II.     Analysis**

26         Plaintiff brings at least two separate claims.  First, he alleges that, on an unspecified date

27   in 2014, while at the Sacramento County Main Jail, he was forced to take medication to which he

28   was allergic in retaliation for grievances he filed.  ECF No. 1 at 3.  He claims that this forced

1    medication continued when he was transferred Napa State Hospital.  *Id.*  Second, plaintiff alleges

2    that, between 2006 and 2014, he was repeatedly abused and assaulted during a different stint at

3    Napa State Hospital.  *Id.* at 5.  Plaintiff also alleges that, between 2021 and 2023, he "uncovered"

4    a child sex slave ring in Sacramento that he attempted to report.  *Id.* at 4.  He alleges that

5    numerous unnamed individuals worked to discredit his discovery.  *Id.*  I cannot tell how, if at all,

6    these fanciful allegations relate to his other claims or to the named defendants in this action.

7    Unrelated claims brought against more than one defendant belong in separate suits.  *See* Fed. R.

8    Civ. P. 18(a); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Thus multiple claims against

9    a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated

10    Claim B against Defendant 2.").

11         Additionally, and at a more fundamental level, I cannot tell how any of the three entities

12    named as defendants in this action are implicated in any of the claims above.  Rule 8 of the

13    federal rules of civil procedure requires that the complaint provide each defendant fair notice of

14    the claims against him or her.  *See Biggins v. Wells Fargo & Co.*, 266 F.R.D. 399, 408 (N.D. Cal.

15    2009) ("One purpose of Rule 8 is to put a defendant on fair notice of the nature of the claims that

16    are asserted against it and the grounds upon which those claims rest.").  The current complaint

17    fails to do that.

18         Finally, I note that plaintiff has separately filed "supplemental documents" that appear to

19    relate to the initial complaint.  ECF No. 9.  A complaint must be complete in itself and not

20    submitted piecemeal.  Plaintiff may include all relevant allegations and materials in his amended

21    complaint.

22         I will dismiss plaintiff's complaint with leave to amend.  Plaintiff is advised that any

23    amended complaint will supersede the current complaint.  *See Lacey v. Maricopa County*, 693 F.

24    3d 896, 907 n.1 (9th Cir. 2012) (en banc).  The amended complaint should be titled "Amended

25    Complaint" and refer to the appropriate case number.

26         Accordingly, it is ORDERED that:

27         1.  Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

28         2.  Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

1        3.  Within thirty days from service of this order, plaintiff shall file either (1) an amended

2   complaint or (2) notice of voluntary dismissal of this action without prejudice.

3        4.  Failure to timely file either an amended complaint or notice of voluntary dismissal may

4   result in the imposition of sanctions, including a recommendation that this action be dismissed

5   with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

6        5.  The Clerk of Court shall send plaintiff a complaint form with this order.

7

8   IT IS SO ORDERED.

9

Dated:    January 28, 2025                          _____

10                                                  JEREMY D. PETERSON
                                                    UNITED STATES MAGISTRATE JUDGE
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28